Fox's Trust Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

4

*Barry H. Hepburn,* for exceptants.

*Roland C. Heisler,* for guardian and trustee ad litem, contra.

HUNTER, J., April 6, 1945.—The trustee having sold United Gas Improvement Company stock for a price greater than the intact value, the life tenant claims so much of the price as represents accumulations and profits of the corporation.

It appears that the corporation originally owned certain utility company stocks which it exchanged for the common stock of the Public Service Corporation of New Jersey; also that it had acquired stock in the Philadelphia Electric Company in exchange for United Gas Improvement Company stock. The Public Service stock was carried on the United Gas Improvement Company books at $1,797,493.14, which was the price it had originally paid for the first-mentioned utility company stocks, and Philadelphia Electric Company stock was carried at its par value, $90,734,350, whereas, at the time the trustee sold the shares of this estate the Public Service stock had a market value of $37,900,000, and Philadelphia Electric a market value of $315,000,000.

The life tenant contends that due to the enhanced value of these two stocks the United Gas Improvement Company had accumulations or profits not expressed

on its books, but which were included in the sale price of the shares sold by the trustee.

We agree with the auditing judge that the error of the life tenant is "in assuming that a paper profit is as good as a cash profit and that the amount of the paper profit can be fixed with accuracy".

It is true that corporate accounting practices must give way to actualities: Baird's Estate, 299 Pa. 39; Pardee's Estate, 343 Pa. 79; Flinn's Estate, 320 Pa. 15; Dobson's Estate, 26 D. & C. 154. However, presumptively all the proceeds of the sale belong to corpus: Waterhouse's Estate, 308 Pa. 422.

The life tenant points to but two assets of the corporation, both of a highly speculative character, and asks that they be reappraised at stock market quotations. If such assets are to be reappraised, why not all other assets of the corporation, and as well, perhaps, the assets of Public Service Corporation and Philadelphia Electric Company? Speculative and fluctuating market values have been eliminated as a standard of the measurement in apportionment problems, and any inquiry as to actual and intrinsic values is impractical and impossible in a proceeding such as this.

The mere existence of profits does not entitle a life tenant to an apportionment; the profits must be declared to be earnings and there be a distribution by the corporation or its equivalent: Buist's Estate, 297 Pa. 537; Daily's Estate, 323 Pa. 42.

The life tenant, who has the burden of proof, has shown no substantial basis upon which an apportionment can be made.

The exceptions are dismissed and the adjudication is confirmed absolutely.